ORIGINAL

Brian Franklin Thames
(Name)
P.O. Box 921
(Address)
Imperial, CA 92251
(City, State, Zip)
E05757
(CDC Inmate No.)

2254   1983
FILING FEE PAID
Yes___ No ✓
IFP MOTION FILED
Yes ✓ No___
COPIES SENT TO
Court ✓ ProSe

FILED
AUG 13 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

Brian Franklin THAMES,
(Enter full name of plaintiff in this action.)

                      Plaintiff,

v.

N. MUSGRAVE,
M. MOYA,
D. PARAMO,
C. COOK,
(Enter full name of each defendant in this action.)

                      Defendant(s).

08 CV 1483 JM JMA
Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

### A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

### B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Brian Franklin THAMES, who presently resides at P.O. Box 921, Imperial CA., 92251, were violated by the actions of the below named individuals. The actions were directed against Plaintiff at Centinela State Prison on (dates) 11/29/07 (Count 1), 12/31/07 (Count 2), and 2/22/08 (Count 3).

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)
Count 4: 4/2/08, Count 5: 7/18/08, Count 6: 7/25/08

§ 1983 SD Form                                                                           K:\COMMON\EVERYONE\1983\1983FORM.COM



Defendant **N. MUSGRAVE** resides in _____,
(name)                                             (County of residence)
and is employed as a **Supervising Dentist** _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒individual ☒official capacity. (Check one or both.) Explain how this defendant was acting under color of law: This defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824)

Defendant **C. COOK** resides in _____,
(name)                                             (County of residence)
and is employed as a **AGPA-Medical Appeals** _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒individual ☒official capacity. (Check one or both.) Explain how this defendant was acting under color of law: At the administrative informal level of appeal this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824)

Defendant **M. MOYA** resides in _____,
(name)                                             (County of residence)
and is employed as a **Program Sergeant** _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒individual ☒official capacity. (Check one or both.) Explain how this defendant was acting under color of law: At the administrative first level of appeal this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824)

Defendant **D. PARAMO** resides in _____,
(name)                                             (County of residence)
and is employed as a **Associate Warden, Complex II** . This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒individual ☒official capacity. (Check one or both.) Explain how this defendant was acting under color of law: At the administrative first level of appeal this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824)

( Continued on additional sheet)

Defendant J.M. SOUKUP is employed as a Chief Deputy Warden. This defendant is sued in his/her individual and offical capacity. At the second level of Administrative appeal this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824)

Defendant M. SMELOSKY is employed as Warden. This defendant is sued in his individual and official capacity. After the third level of review this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824).

Defendant N. BARRERAS, is employed as Health Care Manager. This defendant is sued in his individual and official capacity. After the third level of review this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824).

Defendant A. MONARREZ is employed as Medical Appeals Analyst. This defendant is sued in his/her individual and official capacity. After the third level of review this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824).

Defendant D. DEGEUS is employed as Appeals Coordinator. This defendant is sued in his individual and official capacity. After the third level of review this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824).

Defendant B. TELLEZ is employed as a Dental Assistant. This defendant is sued in her individual and official capacity. After the third level of review this defendant denied plaintiff relief previously granted to him by the American's with Disabilities Act (CDC Form 1824).

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: **Right to dental care (ADA)**

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On November 29, 2007, plaintiff was seen by defendant N. Musgrave for a scheduled, requested dental appointment in relation to an ADA issue per CDC 1824. The issue involves a permanent disability suffered by plaintiff on September 21, 2000, leaving him with mandibular dysmotility. Plaintiff presented documented evidence from Health Care Managers, Chief Dental officers, Supervising Dentists, and the granted ADA request, that plaintiff's condition, which prevents him from accomplishing proper "self care" for the lingual and palatal aspect of dentition of gingiva, is both permanent and stationary. Defendant N. Musgrave refused to review the documentation, stating "I'm not going to give you any toothbrushes or authorize them to be given to you."

Count 2: The following civil right has been violated: __Right to dental care (ADA)__
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

On December 31, 2007, DEFENDANT C. Cook, Medical Appeals, denied plaintiff's 602 appeal at the informal level which requested that the ADA accommodation be honored.

Count 3: The following civil right has been violated: ~~Right to dental care (ADA)~~

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

On February 22, 2008, defendant M. Moya, Program Sergeant interviewed plaintiff for first level review of the ADA issue (previously granted). Defendant M. Moya denied plaintiff's administrative appeal request. On February 22, 2008, defendant D. Paramo, Associate Warden Complex II agreed with defendant M. Moya and denied plaintiff's administrative appeal request also.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts

Count 4: The following civil right has been violated: Right to dental care (ADA)
Supporting Facts:

On April 2, 2008, defendant J.M. Soulup, Chief Deputy Warden partially granted plaintiff's administrative appeal based on "a review of appellant's CDC 1824, Reasonable Modification or Accommodation Request, dated January 30, 2006." Defendant Soulup agreed that plaintiff is allowed to have the necessary long handled toothbrushes (as all inmates are allowed at CEN IV) but refused to provide the toothbrushes to plaintiff or create a system whereby plaintiff might receive them as an indigent ADA prisoner.

Count 5: The following civil right has been violated: Right to dental care (ADA)
Supporting Facts:

Only July 18, 2008, N. Grannis, Chief Inmate Appeals Branch cc'd defendants M. Smelosky, Warden, N. Barreras, Health Care Manager, D. Degeus, Appeals Coordinator, and A. Monarrez, Medical Appeals Analyst, the Director's level response and Findings stating in relevant part that plaintiff is approved to use the longer handled toothbrushes to accommodate his medical condition, but as an indigent inmate the turst accounting procudure must be used to obtain the toothbrushes. Defendant M. Smelosky did not provide plaintiff the means to obtaining the toothbrushes after 3rd level Findings indicated it should be done. Defendant N. Barreras did not provide plaintiff the means to obtaining the toothbrushes after 3rd level Findings indicated it should be done. Defendant D. Degeus did not provide plaintiff the means to obtaining the toothbrushes after 3rd level Findings indicated it should be done. Defendant A. Monarrez did not provide plaintiff the means to obtaining the toothbrushes after 3rd level Findings indicated it should be done.

Count 6: The following civil right has been violated: Right to dental care (ADA)
Supporting Facts:

On July 25, 2008, plaintiff personally spoke to defendant B. Tellez, Dental Assistant, and showed her his copy of third level review allowing the toothbrushes

-continued-

and providing how they were to be obtained. Defendant Tellez told plaintiff that she would not "do it" and suggested that plaintiff ask custody to provide the toothbrushes.

involved in this case? ☐ Yes ☑ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: ___N/A_____

Defendants: ___N/A_____

(b) Name of the court and docket number: ___N/A_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] ___N/A___

(d) Issues raised: ___N/A___

(e) Approximate date case was filed: ___N/A___

(f) Approximate date of disposition: ___N/A___

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☑ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

Plaintiff filed an administrative appeal (form 602) through all available levels. At the third level of review the director's findings were that plaintiff was correct, and that the ADA issue was to be resolved in favor of the plaintiff. Further, third level response explained exactly how the toothbrushes were to be obtained. Third level response cited review of plaintiff's appeal complaint, the second level review response, The Armstrong Remedial Plan, and the California Code of Regulations, Title 15.

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): Without further delay provide plaintiff with the long handled toothbrushes, and create a system and plan whereby plaintiff will receive them during such times that he is indigent, as the injury itself is permanent and stationary.

2. Damages in the sum of $ 2.00

3. Punitive damages in the sum of $ 20,000.00

4. Other: _____

### F. Demand for Jury Trial

Plaintiff demands a trial by ☑ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.       OR       ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

8/8/08
Date

_____
Signature of Plaintiff

Brian Franklin THAMES
_____

v.                                                  Case Number:

N. BARRERAS, et. al.
_____

                                                    PROOF OF SERVICE

_____ /


    I hereby certify that on    August 8, 2008    , I served a copy

of the attached    42 U.S.C. §1983 Complaint under the Civil Rights Act

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

Centinela State Prison, Imperial, CA.  :

(List Name and Address of Each
Defendant or Attorney Served)

Each defendant in care of the Clerk of the Court:

- B. Tellez
- N. Barreras
- N. Musgrave
- M. Moya
- D. Paramo
- A. Monarrez
- C. Cook
- J.M. Soukup
- M. Smelosky
- D. Degeus

    I declare under penalty of perjury that the foregoing is true and correct.

_____

(Signature of Person Completing Service)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Brian Franklin Thames

**DEFENDANTS**

Musgrave, et al

FILING FEE PAID: Yes / No ✓
IFP MOTION FILED: Yes ✓ / No
COPIES SENT TO: Court / Pro Se

FILED AUG 1 3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Brian Franklin Thames
PO Box 921
Imperial, CA 92251
E-05757

**ATTORNEYS (IF KNOWN)**

'08 CV 1483 JM JMA

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. 1983

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appelate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE    Docket Number

DATE 8/13/2008    SIGNATURE OF ATTORNEY OF RECORD    R Miller

CR