UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN FRANKLIN THAMES, CDCR #E-05757<br><br>Plaintiff,<br><br>v.<br><br>N. MUSGRAVE, etc., et al.,<br><br>Defendants. | Case No. 08-CV-1483-JMA<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING DEFENDANTS TO PAY ADDITIONAL SETTLEMENT FUNDS [Doc. 44]** |

On March 4, 2011 nunc pro tunc March 1, 2011, Plaintiff Brian Franklin Thames ("Plaintiff") filed a motion for resolution, in which he requests an order from the Court directing Defendants to pay him an additional $105.00 in settlement. Doc. 44. Defendants C. Cook, D. DeGeus, A. Monarrez, N. Musgrave, D. Paramo, B. Tellez, N. Barreras, M. Moya, J. Soukup, and M. Smelosky ("Defendants") filed a response to Plaintiff's motion on March 15, 2011. Doc. 46. For the reasons set forth below, Plaintiff's request for an order directing Defendants to pay additional settlement funds is **DENIED**.

**I.    BACKGROUND**

On August 13, 2008, Plaintiff, an inmate at Calipatria State Prison, and proceeding pro se, commenced a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, who are Centinela State Prison ("Centinela") officials, relating to events which allegedly occurred while Plaintiff was incarcerated at Centinela. Doc. 1.

The case settled on March 11, 2010.  Doc. 37.  According to the settlement agreement between the parties:

> In consideration of the sum of one thousand dollars ($1,000.00) payable by the State of California to Thames, Thames and his heirs, assigns, and all related persons and entities, fully and forever release and discharge Defendants and their heirs, representatives, and assigns from any and all claims that Thamas has, or might have, that are related in any way to the matters described in [the instant case].

See Settlement Agreement [Defs.' Response, Ex. 11].  On December 7, 2010, counsel for Defendants, Sylvie P. Snyder, Esq., wrote a letter to Plaintiff advising that a settlement draft in the amount of $895.00 would be forwarded to Plaintiff's designated payee, Tania Galvani, Esq., located in Guadeloupe.  Defs.' Response, Ex. 1.  The $895.00 payment represented the settlement amount of $1,000.00 minus $105.00 for restitution owed by Plaintiff.  Id.  On December 8, 2010, $100.00 of the $105.00 was deposited into Plaintiff's inmate trust account, and $5.00 was retained by the California Department of Corrections and Rehabilitation ("CDCR") for processing.  Defs.' Response, Ex. 4.  However, prior to the $100.00 being deposited, $36.43 was paid toward Plaintiff's restitution from other sources.  Therefore, only $63.57 was withdrawn from Plaintiff's inmate trust account to pay the remaining amount owed for restitution, leaving $36.43 in the account.  Id. at Exs. 4, 6.

Plaintiff contends that Defendants had no obligation or authority to take money out of his settlement, nor did they have the right to deposit any of the settlement funds into his inmate trust account.  Pl.'s Mot. at 2.  He thus requests that the Court order Defendants to pay him an additional $105.00 in settlement.  Id. at 3.

**II.    DISCUSSION**

Under California Penal Code section 2085.5,

> Any compensatory or punitive damages awarded by trial or settlement to any inmate or parolee in connection with a civil action brought against any federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, shall be paid directly, after payment of reasonable attorney's fees and litigation costs approved by the court, to satisfy any outstanding restitution orders or restitution fines against that person.  The

> balance of any award shall be forwarded to the payee after full payment of all outstanding restitution orders and restitution fines . . . .

Cal. Penal Code § 2085.5(j).  Additionally,

> [T]he secretary [of the CDCR] shall deduct and retain from any prisoner settlement or trial award, an administrative fee that totals 5 percent of any amount paid from the settlement or award to satisfy an outstanding restitution order or fine pursuant to subdivision (j) . . . ."

Id. § 2085.5(c).

According to his Restitution History, Plaintiff owed a restitution fine in the amount of $100.00 in relation to Court Case No. 8821498.  See Defs.' Response, Ex. 4 [Doc. 46 at p. 16].  As such, the Court finds that Defendants acted appropriately, and within their legal obligation and authority pursuant to California Penal Code section 2085.5, when they arranged for a portion of Plaintiff's settlement funds to be used to satisfy Plaintiff's outstanding restitution fine and to pay the requisite administrative fee.

Moreover, Defendants acted in accordance with the terms of the settlement agreement.  According to Paragraph 6 of the agreement,

> Thames understands that CDCR is obligated by California Penal Code section 2085.5 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fee related to such amounts.  Any restitution or fee that are outstanding will be deducted from the settlement amount and paid on behalf of Thames as required.  However, it is believed that Thames has no outstanding restitution.

See Settlement Agreement [Defs.' Response, Ex. 11].  Plaintiff himself acknowledged, by initialing and signing the settlement agreement, that any amount owed for restitution would be deducted from the settlement funds.  It matters not that the mechanism by which the CDCR collected the restitution was through Plaintiff's inmate trust account.  Plaintiff is simply incorrect in his assessment that "the CDCR has no right to any monies belong to the plaintiff as long as those monies are not within plaintiff's inmate account."  Pl.'s Mot. at 3.  Indeed, it is clear that Plaintiff, who accuses the CDCR of circumventing the settlement agreement, himself was hoping to circumvent paying his restitution by

having the settlement funds sent to a location other than to his inmate trust account. The California Penal Code, however, does not allow such a result.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's request for an order directing Defendants to pay him an additional $105.00 in settlement funds is **DENIED**.

**IT IS SO ORDERED**.

DATED:  March 22, 2011

_____
Jan M. Adler
U.S. Magistrate Judge